UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL JEROME WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 3:16-CV-851 JD |
| MICHAEL J. PAVESE, *et al.*, | ) ) ) |
| Defendants. | ) |

OPINION AND ORDER

Michael Jerome Williams, a *pro se* prisoner, has filed a complaint under 42 U.S.C. § 1983 alleging that he was wrongly reclassified at the Westville Correctional Facility ("Westville") and removed from the Department of Labor PEN[1] program. (DE 2.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document

---

[1] PEN is an acronym for Prison Enterprises Network, which is a division of the Indiana Department of Correction. It's mission is to equip offenders for successful reentry through meaningful work and career development while operating in a self-sustaining manner. https://secure.in.gov/idoc/penproducts/2541.htm (Last visited Feb. 21, 2017.)

1

filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the complaint, on April 1, 2016, Williams and several other offenders were searched leaving the PEN program. Though no contraband was found on Williams, there was some discovered on five other offenders. Nevertheless, five days later Williams was removed from the PEN program. As a result, he has lost the ability to earn a reduction in his sentence and the ability to earn money. Williams sues ten defendants at Westville who were involved in his reclassification and removal from the PEN program. He seeks a reduction in his sentence, money damages and reinstatement into the PEN program.

The crux of Williams' complaint is that he has a federal right to continued enrollment in the PEN program. However, he has no such right. The Fourteenth Amendment Due Process Clause does not protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, or where the discipline imposed infringed on rights protected by the Due Process Clause of its own force. *Id.* "There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment." *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir.2000) (internal quotation omitted). Consequently, "the

2

denial of access to educational programs does not infringe on a protected liberty interest." *Id.* Because the successful completion of an educational or vocational program is not inevitable, the denial of the opportunity to earn good time credits through them "does not inevitably affect the duration of the sentence and does not deprive him of constitutional guarantees." *Id.* (internal quotation omitted); *see also Sandin v. Conner,* 515 U.S. 472, 487 (1995) (due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence"). To the extent Williams challenges the process he was given or denied with respect to being removed from the PEN program, such a claim cannot be maintained. *Zimmerman*, 226 F.3d at 571. Moreover, while Williams disagrees with the decision to remove him from the PEN program, he does not allege any facts establishing that his removal posed any "atypical" or "significant hardship" on him in relation to the ordinary incidents of prison life. For these reasons, this claim fails to state a claim.

Next, to the extent Williams challenges his length of confinement, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir.2005) (explaining the difference between civil rights and habeas remedies). Typically, the court would recommend that a plaintiff, such as Williams, file a habeas corpus action if he wanted to challenge his confinement. However, to pursue federal habeas relief a plaintiff must first exhaust his available state remedies. Given how recent the complained of events are, it is clear that Williams has not exhausted his state remedies. From all indications, a habeas petition at this point would be premature.

Finally, at a reclassification hearing, Williams was reclassified to "IDLE TCR x180,"[2] which he believes somehow violates his due process rights. The law is clear, however, that Williams does not have a protected liberty interest in a particular security classification. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Instead, a prisoner is entitled to due process protections only when the state's action imposes an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Id.*; *see also DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) ("[P]risoners possess neither liberty nor property in their classifications and prison assignments."). Williams does not explain how his new classification poses either an "atypical" or "significant" hardship in relation to the ordinary incidents of prison life. Therefore, Williams has failed to state a due process claim here, too.

Though this complaint does not state a claim, and while it seems unlikely that Williams will be able to state a claim against any of these defendants based on him being reclassified and removed from the PEN program, it is not possible to definitively say that he could not do so. Therefore, he will be permitted time to file an amended complaint if he believes that addressing the issues raised in this order will allow him to present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For the reasons set forth above, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Michael Jerome Williams;

(2) **GRANTS** Michael Jerome Williams to and including March 27, 2017, to file an amended complaint; and

---

[2]Williams states that this stands for: Time Cut Restricted 180 days. (DE 2 at 4.)

(3) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: February 28, 2017

                                                    /s/ JON E. DEGUILIO  
                                                    Judge  
                                                    United States District Court