UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL JEROME WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:16-CV-851 JD |
| MICHAEL J. PAVESE, *et al.*, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Michael Jerome Williams, a *pro se* prisoner, initially filed a complaint under 42 U.S.C. § 1983 alleging that he was wrongly reclassified at the Westville Correctional Facility (Westville) and removed from the Department of Labor PEN[1] program. ECF 2. The crux of his complaint was that he has a federal right to continued enrollment in the PEN program. However, the court explained that he had no such right. ECF 6. Though the complaint did not state a claim, he was granted leave to file an amended complaint and clarify his allegations in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Williams has now filed an amended complaint, alleging that he was removed from the PEN program based on racial discrimination.

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure

---

[1] PEN is an acronym for Prison Enterprises Network, which is a division of the Indiana Department of Correction. It's mission is to equip offenders for successful reentry through meaningful work and career development while operating in a self-sustaining manner. https://secure.in.gov/idoc/penproducts/2541.htm (Last visited Feb. 21, 2017.)

1

12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On April 1, 2016, Williams and the entire work crew of 16 offenders were searched leaving the PEN program. The crew consisted of 4 black offenders, 2 Hispanic offenders and 10 white offenders. Five of those individuals were found to have contraband and were disciplined. Eleven offenders - 7 white, 3 black offenders and 1 Hispanic - passed the search and were found to have no contraband in their possession. Four days later, the black and Hispanic offenders who successfully passed the search were nevertheless removed from the PEN program. However, the 7 white offenders were allowed to stay. Williams alleges that "Mark Seviere, Andrew Pazera, Mr. Salyer, Mr. Parry, Glenn Handzlik, Rob Wright, Jeff Durzynski, [and] Mr. Sizemore," discriminated against him based on his race. Williams also complains that "Mark Seviere, Andrew Pazera and Michael J. Pavese were able to right the wrong," because they reviewed the decision to have Williams removed from the PEN program, but they upheld it.

While an inmate's expectation keeping a specific prison job does not implicate a

2

protected property interest, *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995), the equal protection clause precludes prison officials from denying a prisoner job opportunities based on race or ethnicity. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir.1987) (A black inmate stated a cause of action by alleging racial discrimination in the assignment of prison jobs). Thus, Williams' allegation that he was terminated from the PEN program based on his race, states a constitutional violation.

While it is clear that Williams' allegation of race discrimination states a claim, it is not clear which defendant(s) are alleged to have racially discriminated against him. He simply states that the defendants discriminated against him by removing him from the program, while leaving all the white offenders in the program. Williams does not identify any facts that establish what role each of these defendants played in the decision to remove him from the PEN program based on his race. And, while he complains that three defendants upheld the decision to remove him, he fails to explain why he believes they did so based on his race. Williams must clearly explain what each person did (or did not do) that violated his constitutional rights. Absent some factual allegations, it is not plausible for the court to conclude that all 10 defendants racially discriminated against him.

This omission of not identifying which defendants were personally responsible for the alleged racial discrimination is a problem because section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir.

3

1985). Section 1983 defendants "are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Because Williams has not adequately identified which defendants were personally involved in racially discriminating against him, he will be permitted time to file an amend complaint to do so. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

As a final matter, Williams again moves for leave to proceed *in forma pauperis*. ECF 8. This is unnecessary, as the record reflects that Williams has already been granted leave to proceed *in forma pauperis*. ECF 4.

For the reasons set forth above, the Court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Michael Jerome Williams;

(2) **GRANTS** Michael Jerome Williams to and including June 26, 2017, to file an amended complaint;

(3) **DENIES** the motion to proceed *in forma pauperis* (ECF 8); and

(4) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: May 30, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court