UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| MICHAEL JEROME WILLIAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:16-CV-851 JD |
| MICHAEL J. PAVESE, *et al.*, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Michael Jerome Williams, a *pro se* prisoner, filed a complaint alleging that he was removed from the PEN[1] program at the Westville Correctional Facility because of racial discrimination. However, it was not clear which of the ten named defendants were alleged to have discriminated against him. Thus, Williams was granted leave to file an amended complaint and identify which defendants were personally involved in racially discriminating against him. He has now done that.

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face.

---

[1] PEN is an acronym for Prison Enterprises Network, which is a division of the Indiana Department of Correction. Its mission is to equip offenders for successful reentry through meaningful work and career development while operating in a self-sustaining manner. https://secure.in.gov/idoc/penproducts/2541.htm (Last visited August 3, 2017.)

1

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On April 1, 2016, Williams and the entire work crew of 16 offenders were searched leaving the PEN program. The crew consisted of 4 black offenders, 2 Hispanic offenders and 10 white offenders. Five of those individuals were found to have contraband and were disciplined. Eleven other offenders - 7 white, 3 black, and 1 Hispanic - passed the search and were found to have no contraband in their possession. Four days later, Westville administrators, Mark Sevier, Andrew Pazera, and Mr. Salyer, met with PEN products management, Glenn Handzlic, Rob Wright and Jeff Duszynski. These six individuals decided to remove the black and Hispanic offenders who successfully passed the search from PEN products; the 7 white offenders who successfully passed the search were allowed to stay. Williams was one of the black offenders removed from the program. Williams alleges that he was removed from his job at PEN products and placed on "Idle and Time Cut Restricted" status for 180 days based on his race, which caused him to be without state pay for several months.

The equal protection clause precludes prison officials from denying a prisoner job opportunities based on race or ethnicity. *Black v. Lane*, 824 F.2d 561, 562 (7th Cir.1987) (A

black inmate stated a cause of action by alleging racial discrimination in the assignment of prison jobs). Thus, Williams' allegation that he was terminated from the PEN program and placed on restricted work status based on his race, states a constitutional violation.

For these reasons, the Court:

(1) **GRANTS** Michael Jerome Williams, leave to proceed on an individual capacity claim for compensatory and punitive damages against Mark Sevier, Andrew Pazera, Mr. Salyer, Glenn Handzlic, Rob Wright and Jeff Duszynski for discriminating against him based on his race by removing him from his job at PEN products and placing him on "Idle and Time Cut Restricted" status, in violation of his Equal Protection rights;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Mark Sevier, Andrew Pazera, Mr. Salyer, Glenn Handzlic, Rob Wright and Jeff Duszynski with a copy of this order and the amended complaint (ECF 10) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Mark Sevier, Andrew Pazera, Mr. Salyer, Glenn Handzlic, Rob Wright and Jeff Duszynski respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 10, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court